**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42185**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 842 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DUB D. TUNSTALL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying I.C.R. 35 motion for correction of an illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge
_____

PER CURIAM

In 2004, Dub D. Tunstall entered an *Alford*[1] plea of guilty to the charge of rape, and the district court imposed a unified sentence of twenty-five years with eighteen years determinate. Tunstall timely appealed and timely filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. This Court affirmed his sentence and the denial of his Rule 35 motion in *State v. Tunstall*, Docket No. 31271 (Ct. App. Oct. 26, 2005) (unpublished). In 2014, Tunstall filed a Rule 35 motion for correction of an illegal sentence, which was denied

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

by the district court. "Mindful of the plain language of the applicable statutes," Tunstall asserts that the determinate portion of his sentence is illegal because Idaho Code §§ 18-6104 and 19-2513 do not afford the district court the discretion to impose a determinate sentence for rape which exceeds one year.

Tunstall's argument is without merit. Idaho Code §§ 18-107 and 19-2513 grant trial courts discretion in imposing the fixed and indeterminate portions of a sentence. Section 18-107 specifies:

> Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code.

Section 19-2513 states in part:

> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(7), Idaho Code. The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence and as provided in section 20-223(7), Idaho Code.

The sentence limits for rape are set by I.C. § 18-6104, which states that "rape is punishable by imprisonment in the state prison not less than one (1) year, and the imprisonment may be extended to life . . . ." Thus, Section 18-6104 set the outer limits of the permissible sentence for rape (one year to life), Section 18-107 gave the court authority to impose a sentence anywhere within those outer limits, and Section 19-2513 conferred discretion to determine what portion (or all) of the sentence would be determinate or indeterminate. Consistent with that discretion, the district court may impose a determinate sentence of eighteen years, as it is within the limits provided. Accordingly, a determinate term of eighteen years for rape is not illegal.

Tunstall argues that Idaho Code § 19-2513 limits the discretion of the sentencing court when a crime carries a mandatory minimum sentence. The relevant portion of I.C. § 19-2513(2) states that: "If the offense carries a mandatory minimum penalty as provided by statute, the court shall specify a minimum period of confinement consistent with such statute." Tunstall

2

argues that we should interpret this language to mean that the court may impose any indeterminate sentence otherwise authorized, but the fixed portion of the sentence may not exceed the minimum sentence stated in the statute. Because I.C. § 18-6104 authorizes a sentence of "imprisonment in the state prison not less than one (1) year . . . to life," Tunstall contends that his fixed term may not be more than one year.

Tunstall's argument distorts the meaning of the statute. In substance, he contends that the one-year *minimum* sentence authorized by the statute is instead a one-year *maximum* fixed term. The statute actually authorizes a sentence for rape of any duration between one year and life, and I.C. § 19-2513 authorizes the court to distribute that sentence between a determinate (fixed) term and an indeterminate term within the court's discretion. Therefore, Tunstall's sentence for rape is consistent with the relevant sentencing statutes, as required by I.C. § 19-2513.

Accordingly, the district court's order denying Tunstall's Rule 35 motion to correct an illegal sentence is affirmed.